Shehata v Those Awesome Guys SRL (2021 NY Slip Op 05797)





Shehata v Those Awesome Guys SRL


2021 NY Slip Op 05797


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 652444/18 154656/16 Appeal No. 14449 Case No. 2021-01674 

[*1]Omar Shehata, Plaintiff-Respondent,
v
Those Awesome Guys SRL, et al., Defendants-Appellants.


Michael H. Zhu, PC., New York (Michael H. Zhu of counsel), for appellants.
Law Office of Robert L. Greener, PC, New York (Robert L. Greener of counsel), for respondent.



Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered on or about April 5, 2021, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
This action involves a claim for breach of contract for failure to pay the consideration due plaintiff under an intellectual property assignment agreement. Plaintiff and defendant Nicolae Berbece were partners in the development of a number of video games, including the game at issue here, "Move or Die." It is estimated that the game earned over $11,000,000 in sales to date. Plaintiff alleges that he assigned his intellectual property rights to defendants in return for 50% of the revenues earned from Move or Die in video games sales, and defendants breached the agreement by failing to pay him the amount owed. Defendants, on the other hand, contend that plaintiff already has received his consideration in the form of a "license," granted in connection with the assignment under the agreement, to use intellectual property in his portfolio for purposes of marketing himself to future employers, as well as to cease working with defendants and attend college in the United States.
We find that the court correctly found there is no clear language to support either party's contention as to what "good and valuable consideration" was received in exchange for plaintiff's intellectual property rights, and that term, as used in the parties' agreement, is ambiguous (compare Schron v Troutman Sanders LLP, 20 NY3d 430 [2013]). The existence of a question of fact on the issue of consideration precludes summary judgment.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021